**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

FMT IP LLC,                                                  **CASE NO.: 1:26-cv-25070**
a Florida limited liability company,

     Plaintiff,

v.

ONE0ONE, LLC
a Florida limited liability company,
JIMMY ANDERS LEWIN,
an individual and
MICHELLE ANDREA LEWIN
an Individual,

     Defendants.

_____/

## COMPLAINT

Plaintiff, FMT IP, LLC ("Plaintiff" or "FMT"), files this Complaint for infringement of U.S. Patent No. D813,320 S (the "'320 Patent" or "Patent-in-Suit") against Defendants ONE0ONE, LLC ("ONE"), JIMMY ANDERS LEWIN ("JAL"), and MICHELLE ANDREA LEWIN ("MAL") (collectively, the "Defendants"), and demands a trial by jury.

## INTRODUCTION

1. This is an action for design patent infringement under 35 U.S.C. §§ 271, 283, 284, and 289 arising from ONE's manufacture, importation, use, offer for sale, and/or sale of a waistband that is identical to, or substantially the same as, the ornamental design of the Fitness Belt shown and claimed in the '320 Patent. A true and correct copy of the '320 Patent is attached as **Exhibit "1."**

2. ONE's accused waist belts (collectively, the "Accused Products") are marketed and sold throughout the United States, including in this District, through e-commerce storefronts

1

(proprietary websites, third-party marketplaces, and social-commerce channels) and, upon information and belief, through Florida-based fulfillment channels and shipments to Florida addresses.

## The Parties

3. Plaintiff FMT is a Florida limited liability company with its principal place of business at 4151 Lake Worth Rd., Unit 5631, Lake Worth, Florida 33461.

4. Defendant ONE is a Florida limited liability company with its principal place of business at 1500 Bay Road, APT S920, Miami Beach, Florida 33139. It operates one or more online storefronts and sells the Accused Products in Florida.

5. Defendant JIMMY ANDERS LEWIN ("JAL") is an individual who, upon information and belief, resides in this District at 1500 Bay Road, APT S920, Miami Beach, Florida 33139. JAL is an owner, officer, and/or managing member of ONE.

6. Defendant MICHELLE ANDREA LEWIN ("MAL") is an individual who, upon information and belief, resides in this District at 1500 Bay Road, APT S920, Miami Beach, Florida 33139. MAL is an owner, officer, and/or managing member of ONE.

## Jurisdiction And Venue

7. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because FMT's claims arise under the Patent Act.

8. ONE maintains its principal place of business within the Southern District of Florida.

9. JAL and MAL are likewise subject to this Court's personal jurisdiction. Upon information and belief, each resides in and is domiciled in this District and has transacted business in, committed tortious acts in, and caused injury in Florida by personally making, using, offering

2

for sale, selling, and/or promoting the Accused Products and directing infringing sales into Florida, including this District.

10. ONE is also subject to personal jurisdiction in Florida consistent with Fla. Stat. § 48.193(1)(a)(1)–(6), including by transacting business, committing tortious acts, and causing injury in Florida from products placed into the stream of commerce with the expectation they would be used here.

11. Venue is proper in this District under 28 U.S.C. § 1400(b) because each Defendant resides in this District, and because Defendants have committed acts of infringement in, and maintain a regular and established place of business in, this District. ONE is organized under the laws of Florida and maintains its principal place of business—a physical location at 1500 Bay Road, APT S920, Miami Beach, Florida 33139—within this District, from which it regularly and continuously conducts its business of offering for sale and selling the Accused Products. JAL and MAL each reside in this District at that same address.

### Plaintiff's Patent Rights

12. On March 20, 2018, the United States Patent and Trademark Office duly and legally issued the '320 Patent to inventor Yesenia Delarosa for the ornamental design of a "Fitness Belt," with a 15-year term running from that issue date. *See* **Exhibit "1."**

13. On June 16, 2025, the '320 Patent was assigned to FMT. A copy of the Notice of Recordation of Assignment issued by the United States Patent and Trademark Office is attached as **Exhibit "2."**

14. The fitness belt embodied in the '320 Patent is manufactured, marketed, offered for sale, and/or sold by FMT & FGT, LLC under license from FMT. Photographs of FMT & FGT, LLC's online storefronts are attached as **Exhibit "3."**

3

15.     FMT has complied with the notice and marking requirements of 35 U.S.C. § 287. The patented fitness belt is marked with the '320 Patent by FMT & FGT, LLC under license from FMT.

16.     The '320 Patent's claim states: "The ornamental design for a fitness belt, as shown and described," and includes Figures 1–7 depicting various views of the claimed belt. *See* **Exhibit "1."**

17.     FMT owns all rights, title, and interest in and to the '320 Patent, including the right to sue for past, present, and future infringement. *See* **Exhibit "2."**

### Defendant's Infringing Conduct

18.     ONE makes, uses, offers to sell, sells, and/or imports the Accused Products throughout the United States and in this District, acting through and at the direction of JAL and MAL. Representative screenshots, packaging, and photographs showing the Accused Products' ornamental features are attached as **Composite Exhibit "4."**

19.     On information and belief, ONE is the *alter ego* of JAL and MAL, who own, dominate, and control ONE and direct all of its decisions concerning the design, sourcing, marketing, offer for sale, and sale of the Accused Products, and who disregard ONE's separate corporate existence.

20.     JAL and MAL are each officers and members of ONE, and each individually acts as a moving, active, and conscious force behind ONE's infringing conduct, personally and individually directing, authorizing, controlling, ratifying, and participating in the decision to design, source, market, offer for sale, and sell the Accused Products, including by personally promoting and offering them for sale through their respective personal social media accounts. Examples of such participation are attached hereto as **Composite Exhibit "5."**

21. Sample images of the Accused Products are shown below in side-by-side comparison with the corresponding figures of the '320 Patent that the Accused Products infringe.

| Claimed invention shown in Figures of the '320 Patent | Features of Accused Products embodied by the claimed invention in the '320 Patent |
|---|---|
| <br>FIG.1 | |
| <br>FIG.2 | |



FIG.3

FIG.4

FIG.5

FIG.6



FIG.7

22.     As can be seen in the images above, the Accused Products fully embody FMT's patented design, and include, but are not limited to, the following salient features:

(a) the overall elongate, oval shape of the inner belt panel, showing the same silhouette and proportions of the invention as shown in FIGs. 1-5 of the '320 Patent;

(b) the centrally positioned cinching band overlying the backing belt panel and overlapping connecting sections (FIGs. 1-4);

(c) the arrangement of vertical support ribs along the backing belt span (FIGS. 2-4); and

(d) the contours and balance of claimed ornamental features as shown in the FIGs. 1-7 of the '320 Patent.

23.     The overall visual appearance of the Accused Products is identical to, or substantially the same as, the design claimed in the '320 Patent, including as depicted in Figures

1 through 7, such that an ordinary observer would be deceived into believing the Accused Products are the patented design.

24.     JAL and MAL had knowledge of the '320 Patent and of FMT's patented design before and during their making and selling of the Accused Products. Defendants' knowledge is established principally by FMT's takedown notices expressly identifying the '320 Patent, described below, and is further corroborated by the fact that, upon information and belief, JAL and MAL previously ordered and purchased FMT's patented fitness belt.

25.     FMT provided Defendants with actual and constructive notice of the '320 Patent and of their infringing conduct.

26.     Beginning on or about June 20, 2025, FMT submitted intellectual-property takedown requests to ONE's online storefronts on various e-commerce platforms, expressly identifying the '320 Patent and the infringing listings. True and correct copies of representative takedown notices, platform correspondence, and removal confirmations are attached as **Composite Exhibit "6."**

27.     On information and belief, those platforms communicated FMT's takedown notices and removal decisions to Defendants, thereby making Defendants aware of FMT's patent rights and the alleged infringement.

28.     Despite being on notice of Plaintiff's Patent rights, and despite several takedowns, Defendants continue to sell and offer for sale the Accused products on [www.one0one.com](www.one0one.com), e-commerce platforms, and through social media.

29.     After receiving the takedown requests, ONE and MAL blocked FMT & FGT, LLC's accounts on social media platforms, including Instagram.

8

30.     Notwithstanding such notice, Defendants continue to make, use, offer to sell, sell, and/or import the Accused Products.

31.     On March 23, 2026, after receipt of FMT's takedown requests, MAL announced on her personal Instagram social media account that ONE would be liquidating its inventory. A copy of the post is attached as **Composite Exhibit "7."**

32.     Since then, MAL has announced on her personal Instagram social media account that ONE would be restocking its inventory. **Composite Exhibit "8."**

## COUNT I
### (Design Patent Infringement — 35 U.S.C. § 271(a))
### (As to All Defendants)

33.     FMT realleges and incorporates by reference paragraphs 1–32, including all images and figures as though each such paragraph, image, and figure has been fully set forth herein.

34.     ONE has directly infringed and is infringing the '320 Patent by making, using, importing, offering for sale, and/or selling the Accused Products that embody the patented design without authorization.

35.     JAL and MAL have each directly infringed and are infringing the '320 Patent under 35 U.S.C. § 271(a) by personally making, using, importing, offering for sale, and/or selling the Accused Products, including by personally offering and promoting the Accused Products for sale through their personal social media accounts.

36.     ONE's corporate form should be disregarded, and JAL and MAL should be held personally liable for ONE's infringement of the '320 Patent.

37.     On information and belief, Defendants have gained profits from their infringement of the '320 Patent.

9

38.     FMT has suffered and continues to suffer irreparable harm to the market for the patented design, including loss of exclusivity, loss of goodwill, price erosion, and damage to relationships with distributors and retailers. Monetary damages alone are inadequate, and FMT is entitled to injunctive relief. Unless enjoined, Defendants will continue their infringing conduct.

39.     Defendants' infringement of the '320 Patent has been and continues to be deliberate and willful. Defendants had actual knowledge of the '320 Patent no later than FMT's June 20, 2025 takedown notices, yet continued to make, use, offer for sale, and sell the Accused Products. Defendants' egregious conduct includes continuing their infringing sales after receiving notice, blocking FMT's principal on social media, and announcing a liquidation of inventory in an effort to profit from the infringing Accused Products. FMT is therefore entitled to enhanced damages under 35 U.S.C. § 284.

## COUNT II
### (Induced Infringement — 35 U.S.C. § 271(b))
### (As to All Defendants)

40.     FMT realleges and incorporates by reference paragraphs 1–32, including all images and figures as though each such paragraph, image, and figure has been fully set forth herein.

41.     ONE has knowingly induced infringement by instructing, encouraging, and aiding resellers, affiliates, and customers to market and sell the Accused Products in the United States, including Florida, with knowledge of the '320 Patent and with the specific intent that those parties infringe it. ONE's resellers, affiliates, and customers in fact directly infringe the '320 Patent by using, importing, offering for sale, and/or selling the Accused Products in the United States, inducing acts include operating an affiliate or reseller program on identified terms, supplying product images and marketing materials for the Accused Products, and directing purchasers to the Accused Products through JAL's and MAL's social media accounts, each of which encouraged

the identified third parties to use, offer for sale and sell the Accused Products in this District, resulting in their direct infringement of the '320 Patent.

42.     JAL and MAL have each knowingly and actively induced infringement of the '320 Patent under 35 U.S.C. § 271(b) by instructing, encouraging, directing, and aiding ONE, its resellers, affiliates, and customers to make, use, offer for sale, and sell the Accused Products in the United States, including Florida, with knowledge of the '320 Patent and knowledge that the induced acts constitute infringement. JAL and MAL personally participated in these inducing acts, including by promoting the Accused Products through their social media accounts, and are therefore personally liable for inducement regardless of the corporate form.

43.     On information and belief, ONE has gained profits from its induced infringement of the '320 Patent.

44.     FMT has suffered and continues to suffer irreparable harm to the market for the patented design, including loss of exclusivity, loss of goodwill, price erosion, and damage to relationships with distributors and retailers. Monetary damages alone are inadequate, and FMT is entitled to injunctive relief. Unless enjoined, Defendants will continue their infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, FMT prays for relief as follows:

1.      A judgment that Defendants have infringed, and are infringing, the '320 Patent;

2.      A permanent injunction enjoining Defendants and all persons in active concert or participation with them from further acts of infringement (35 U.S.C. § 283);

3.      An order directing Defendants to recall, sequester, and deliver for destruction all infringing products and related materials in their possession, custody, or control;

11

4.      An accounting and award to FMT of Defendants' total profits from the sale of the Accused Products pursuant to 35 U.S.C. § 289, together with pre- and post-judgment interest;

5.      Damages adequate to compensate FMT for the infringement, but in no event less than a reasonable royalty, together with pre- and post-judgment interest (35 U.S.C. § 284);

6.      A finding of willful infringement and an award of enhanced damages pursuant to 35 U.S.C. § 284;

7.      A declaration that this case is exceptional and an award of reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

8.      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

FMT demands a trial by jury on all issues so triable.

Respectfully submitted,

**500law**
*Attorneys for Plaintiff*
Museum Plaza
200 South Andrews Avenue, Suite 100
Fort Lauderdale, Florida 33301
Telephone: (954) 351-7474

By:     */s/ Salvatore Fazio*
        **Salvatore Fazio, Esq.**
        Fla. Bar No.: 127525
        Primary E-mail: sfazio@500law.com
        Secondary E-mail: docketing@500law.com

**Exhibits:**

**Exhibit 1:** '320 Patent

**Exhibit 2:** Notice of Recordation of Assignment

**Exhibit 3:** Photographs of FMT & FGT, LLC's online storefronts

**Exhibit 4:** Representative screenshots, packaging, and photographs showing the Accused Products' ornamental features

**Exhibit 5:** Selling and advertising example of Accused Products

**Exhibit 6:** Copies of representative takedown notices, platform correspondence, and removal confirmations

**Exhibit 7**: Instagram post (dated March 23, 2026) announcing ONE's liquidation of inventory

**Exhibit 8**: Social media post announcing restocking of inventory